UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICKY SANCHEZ | CIVIL ACTION |
| VERSUS | NO. 09-6130 |
| ASSUMPTION PARISH SHERIFF MIKE WAGUESPACK, PARISH OF ASSUMPTION, STATE OF LOUISIANA, BRUCE PREJEAN, MICHAEL BROWN, HAYES CADEAUX, WADE HERNANDEZ, AND TWO UNKNOWN NAMED DEPUTY SHERIFFS | SECTION "F"(4) |

**PARTIAL REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Summary**

The plaintiff, Ricky Sanchez ("Sanchez"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. §§1983, 1988 and La. Civ. Code art. 2315 *et seq*. against the Defendants, Assumption Parish Sheriff Mike Waguespack, the Parish of Assumption, the State of Louisiana, Bruce Prejean, Michael Brown, Hayes Cadeaux, and Wade Hernandez. Sanchez alleges that the defendants wrongfully arrested him and used excessive force against him.

Sanchez alleges that, on or about September 7, 2008, after his release from the hospital, a third party drove him home. The third-party stopped the car and left Sanchez alone in the vehicle to go get gasoline. While alone, Sanchez, not fully cognizant of his actions, wandered away from the car and entered the property of Chad Landry. Landry did not recognize Sanchez and called the Assumption Parish Sheriff's Office to report an intruder. After the arrival of Deputy Eric Adams, both Landry and Adams recognized Sanchez but found his behavior to be peculiar. He was transported to the parish jail and booked with trespassing.

On the night of September 8, 2008, the defendants Prejean, Brown, Cadeaux, and Hernandez, and two unidentified guards entered Sanchez's cell and handcuffed him to the bunk. The men began beating Sanchez with their hand, feet, and batons. They beat him until he was unconscious. As a result of the beating, Sanchez was transported to the intensive care unit at the St. Elizabeth Hospital in Gonzalez, Louisiana. He was treated for injuries to his head, neck, back, chest, stomach, and limbs. He claims that he remained unconscious for three days following this incident and continues to have pain in his back and neck.

He seeks $1 million in compensatory damages and $1 million in punitive damages, plus interest, costs, and attorney's fees.

## II. Procedural Background

Summons in this matter were issued by the Clerk of Court on September 14, 2009.[1] On January 25, 2010, the summons issued to the defendants Bruce Prejean, Michael Brown, and Hayes Cadeaux were returned by the U.S. Marshal's service and filed by the clerk of court. Each of the

---

[1] Rec. Doc. No. 3.

summons was marked as unexecuted and bear notations that these individuals could not be served because they were no longer employed by the Assumption Parish Sheriff's Office.[2]

On January 27, 2010, this Court issued a Rule to Show Cause directing Sanchez to show cause on or before February 24, 2010, why his claims against the defendants Prejean, Brown, and Cadeaux, should not be dismissed for failure to serve within 120 days as required by Fed. R. Civ. P. 4(m).[3] Plaintiff has failed to comply with this order or otherwise contact the Court.

### III.  Failure to Serve Prejean, Brown, and Cadeaux

Under Fed. R. Civ. P. 4(m), service must be made within 120 days of the filing of the complaint. In this case, summons were issued and returned as unexecuted. The record demonstrates that the defendants Prejean, Brown, and Cadeaux have not been served.

In addition, Fed. R. Civ. P. 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *See* Fed.R.Civ.P 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is proceeding *pro se* and is responsible for the presentation of his case in this Court. The Court, however, has not received any response to its prior order explaining the cause or nature of the service delay on these defendants.

---

[2]Rec. Doc. Nos. 9, 10, 11.

[3]Rec. Doc. No. 14.

Sanchez has failed to respond to the Court's Rule to Show Cause or submit proof of service as to these three defendants. He therefore has failed to comply with Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

**IV.     Standards of Review for Frivolousness in a Non-prisoner Case**

As an initial matter, the Court is called upon to determine whether this *in forma pauperis* complaint is frivolous. Title 28, Section 1915(e)(2)(B) of the United States Code reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
>     (B) the action or appeal-
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

In cases in which a plaintiff seeks to proceed without the prepayment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss *in forma pauperis* complaints if satisfied that the claims asserted are frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B); *see also* former 28 U.S.C. § 1915(d).[4]

Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases. *See Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) & (ii)); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-206 (2d Cir. 2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); *Barren v.*

---

[4]Section § 1915(d) was superseded by 28 U.S.C. § 1915(e)(2)(B) as a part of the Prison Litigation Reform Act of 1996 ("PLRA").

4

*Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming dismissal of § 1983 action for failure to state a claim by non-prisoner, former detainee against state law enforcement personnel); *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (§1915 as amended changed cases brought by prisoners and in some respects for all indigent litigants); *see also Mazzaglia v. New Hampshire*, No. 99-1997, 2000 WL 979971 (1st Cir. June 23, 2000)( "[i]f plaintiff was a prisoner, then 28 U.S.C. § 1915A would have governed; if he was not, then § 1915(e)(2)(B) would have applied ."); *McLean v. Caldwell County Sheriff's Dep't*, No. 99-2005, 1999 WL 796420 (4th Cir. Oct. 16, 1999).

Under these statutes, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**V.**     <u>**Claims Against the State of Louisiana**</u>

Sanchez named the State of Louisiana as a defendant, although he stated no basis for doing so. A claim against the State in this court is barred by the Eleventh Amendment and must be dismissed under § 1915.

5

The Eleventh Amendment to the United States Constitution forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his or her own State. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). An exception to the Eleventh Amendment prohibition exists where the State has expressly waived its sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dept. of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. Furthermore, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Thus, the plaintiff's claims against the State of Louisiana are barred by the Eleventh Amendment. Because the Eleventh Amendment deprives this Court of jurisdiction over the claims against the State, those claims should be dismissed without prejudice, *see Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir. 1996), because they are frivolous, fail to state a claim for which relief can be granted, and seek relief against an immune defendant pursuant to 28 U.S.C. § 1915.

**VI.**    **Recommendation**

It is therefore **RECOMMENDED** that Sanchez's claims pursuant to § 1983, § 1988, and La. Civ. Code art. 2315 *et seq*. against Bruce Prejean, Michael Brown, and Hayes Cadeaux, be **DISMISSED WITH PREJUDICE** for failure to serve pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b).

It is further **RECOMMENDED** that Sanchez's claims pursuant to § 1983, § 1988, and La. Civ. Code art. 2315 *et seq*. against the State of Louisiana be **DISMISSED WITHOUT**

**PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant pursuant to § 1915(e)(2) because the claims are barred by the Eleventh Amendment.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 31st day of March, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.