UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICKY SANCHEZ | CIVIL ACTION |
| VERSUS | NO. 09-6130 |
| ASSUMPTION PARISH SHERIFF MIKE WAGUESPACK, PARISH OF ASSUMPTION, STATE OF LOUISIANA, BRUCE PREJEAN, MICHAEL BROWN, HAYES CADEAUX, WADE HERNANDEZ AND TWO UNKNOWN, NAMED DEPUTY SHERIFFS | SECTION "F" (4) |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 18)** filed by the defendant, Assumption Parish Police Jury, seeking dismissal of the claims against them for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. The plaintiff, Ricky Sanchez, has not filed an opposition to the motion. This motion, along with the entire case, was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915e(2)**. Upon review of the record, the Court has determined that this motion can be disposed of without an evidentiary hearing.

## I. Factual Summary

The plaintiff, Ricky Sanchez ("Sanchez"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. §§1983, 1988 and La. Civ. Code art. 2315 *et seq.* against the defendants, Assumption Parish Sheriff Mike Waguespack, the Parish of Assumption, the State of Louisiana, Bruce Prejean, Michael Brown, Hayes Cadeaux, and Wade Hernandez. Sanchez alleges that the defendants wrongfully arrested him and used excessive force against him.

Sanchez alleges that, on or about September 7, 2008, after his release from the hospital, a third party drove him home. The third-party stopped the car and left Sanchez alone inside the vehicle to go get gasoline. While alone, Sanchez, not fully cognizant of his actions, wandered away from the car and entered the property of Chad Landry. Landry did not recognize Sanchez and called the Assumption Parish Sheriff's Office to report an intruder. After the arrival of Deputy Eric Adams, both Landry and Adams recognized Sanchez but found his behavior to be peculiar. He was transported to the parish jail and booked with trespassing.

On the night of September 8, 2008, the defendants Prejean, Brown, Cadeaux, and Hernandez, and two unidentified guards entered Sanchez's cell and handcuffed him to the bunk. The men began beating Sanchez with their hands, feet, and batons. They beat him until he was unconscious. As a result of the beating, Sanchez was transported to the intensive care unit at the St. Elizabeth Hospital in Gonzalez, Louisiana. He was treated for injuries to his head, neck, back, chest, stomach, and limbs. He claims that he remained unconscious for three days following this incident and continues to have pain in his back and neck.

He seeks $1 million in compensatory damages and $1 million in punitive damages, plus interest, costs, and attorney's fees.

2

**II. Standards of Review under Fed. R. Civ. P. 12(b)**

Under Fed. R. Civ. P. 12(b)(1), the court may dismiss a complaint if it lacks jurisdiction over the subject matter. Under Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint for failure to state a claim upon which any relief may be granted. The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)." (uppercase and parenthetical in original) *Id*. at 555-56 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Id*. at 556. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)).

In resolving the motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing

in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pa. Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997). Further, the United States Fifth Circuit Court of Appeals has held that, when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972).

## III. Analysis

### A. Lack of Jurisdiction

The Assumption Parish Police Jury (named in the complaint as Assumption Parish) is a citizen of Louisiana and seeks dismissal of the claims brought by the plaintiff, also a citizen of Louisiana, because the plaintiff alleges that the basis of this Court's jurisdiction is diversity, pursuant to 28 U.S.C. §1332.

Title 28 U.S.C. § 1332 provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and between (1) citizens of different States; (2) citizens of a State and citizens or

4

subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state defined in Section 1603(a) of this title as plaintiff and citizens of a State or of different States.  28 U.S.C. § 1332 (2006).

The Court finds that there is no diversity jurisdiction in this case as defined by 28 U.S.C. §1332.  The plaintiff, Sanchez, declares himself to be a citizen and resident of Louisiana.[1]  Each of the defendants, including the Assumption Parish Police Jury, are alleged to be citizens of Louisiana.[2]  As a result, this matter involves only citizens of the same state, which does not create diversity jurisdiction for a federal court.

Furthermore, a reading of the complaint also demonstrates that Sanchez specifically invoked an alternative basis for federal question jurisdiction against the other defendants, Prejean, Brown, Cadeaux, Hernandez, and the unknown deputies.  He did not include Assumption Parish in that alternative basis for jurisdiction.  Under a broad reading of the complaint, he only seeks relief against the Parish of Assumption, in connection with his "claims asserted under Louisiana law."[3]  Therefore, Sanchez has not presented any other basis for suit against Assumption Parish under federal law.  Therefore, the claims against the Assumption Parish Police Jury (originally named as Assumption Parish) are based upon diversity of jurisdiction, 28 U.S.C. §1332, and should be dismissed.

---

[1] Rec. Doc. No. 2, pp. 1, 3.

[2] *Id*. at 1-3.

[3] *Id*. at 10.

### B. Claim For Which Relief Can Be Granted

The Assumption Parish Police Jury also seeks the dismissal of the state law claims against it on the grounds that Sanchez failed to state a claim against it for which relief may be granted. The defendant suggests that to the extent the plaintiff seeks to hold the Assumption Parish Police Jury liable as the employer of the other defendants, the claim would be pursuant to La. Civ. Code art. 2320 and should be dismissed.

Under La. Civ. Code art. 2320, the master and employer are answerable for damages occasioned or caused by their servants in connection with the exercise of the functions in which they are employed. In order for the employer to be held liable for the actions of an employee under Article 2320, a plaintiff much show that (1) the master-servant relationship existed between the tortfeasor and the employer, and (2) the tortuous act was committed within the scope and during the course of his employment with the employer. *Hughes v. Goodreau,* 836 So. 2d 649, 656 (La. Ct. App. 2002).

In considering this standard of review, the Court finds that the state law claims would also be subject to dismissal. The plaintiff has failed to assert a claim against any employee of the police jury. His claims are addressed to employees of the Assumption Parish Sheriff's Office, not the Police Jury, as Sanchez alleges in his complaint.[4] He has not alleged or established that there was a master-servant relationship that existed, nor that the tortuous act occurred during the course and scope of such an employment relationship. Therefore, the Court finds that the plaintiff's claims against the Assumption Parish Police Jury seeking relief pursuant to La. Civ. Code art. 2320 also should be dismissed.

---

[4] Rec. Doc. No. 2, p. 5, ¶10.

**IV.    Recommendation**

It is **RECOMMENDED** that the **Motion to Dismiss (Rec. Doc. No. 18)** filed by the defendant Assumption Parish Police Jury be **GRANTED** and that the federal and state claims against the Assumption Parish Police Jury (originally named as Assumption Parish) be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 18th day of August, 2010.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.